IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ED&F MAN CAPITAL MARKETS LTD. and ED&F MAN CAPITAL MARKETS MENA LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>JVMC HOLDINGS CORP. (f/k/a RJO HOLDINGS CORP.), JAMAL OULHADJ, and MUSTAPHA STEPHEN GHALLAMI,<br><br>Defendants. | Case No. 18-cv-5704<br><br>Judge: Hon. Joan Lefkow |

## DECLARATION OF SARAH ANDERSON

**I, Sarah Anderson, of Eversheds Sutherland LLP, Emaar Square Building 6, Level 8, Unit 804, Burj Khalifa, PO Box 74980, Dubai, United Arab Emirates, declare under the penalty of perjury under the laws of the United States of America that the following declaration testimony is true and correct to the best of my knowledge:-**

1. I am a Principal Associate at Eversheds Sutherland (formerly with Hadef & Partners LLP) and represent RJ O'Brien Mena Capital Limited ("**RJO Mena**") and Stephen Ghallami ("**Mr Ghallami**"). RJO Mena and Mr Ghallami are the Second and Third Defendants in an action bought in the Dubai International Financial Centre ("**DIFC**") Courts – Case number CFI 015-2018 (the "**Dubai Action**").

2. The Claimants in the Dubai Action are (1) ED&F Man Capital Markets MENA Limited ("**ED&F Mena**") and (2) ED&F Man Capital Markets Limited ("**ED&F**") – the exact same Plaintiffs as in the proceedings filed in the United States District Court, Case number 18– CV–05704 against JVMC Holdings

1

Corp ("**JVMC**"), Jamal Oulhadj ("**Mr Oulhadj**") and Stephen Ghallami (the "**US Proceedings**").

3. I am duly authorised to make this declaration testimony on behalf of RJO Mena and Mr Ghallami and make this declaration in support of the Defendants (in the US Proceedings) Motion to Dismiss. For ease, my declaration contains the following:-

   (i) a brief summary of the Dubai Action including the identity of the parties and their relationship with the Defendants in the US Proceedings;

   (ii) the remedies being sought and which are available to the Claimants pursuant to the Dubai Action; and

   (iii) the procedural history and summary of steps taken to date in the Dubai Action in preparation for the trial on liability listed on 17 – 20 December 2018.

4. Supporting documents are exhibited and references to exhibits are shown in bold text.

## DUBAI ACTION – SUMMARY

5. The DIFC is a financial free zone located in Dubai, United Arab Emirates. As an independent jurisdiction within the UAE, the DIFC has its own legal and regulatory framework for civil and commercial matters. The DIFC Courts have jurisdiction over most civil and commercial matters occurring within the DIFC (alongside their international jurisdiction). The DIFC Courts carry out their functions in an independent manner, in accordance with the provisions of the DIFC laws and regulations.

### The Claimants

6. ED&F Mena is a DIFC licensed and Dubai Financial Services Authority ("**DFSA**") regulated establishment. ED&F is an English company in the same group. ED&F transferred its DIFC business to ED&F Mena about a year before the events in question.

7. The Claimants in the Dubai Action are the exact same two Plaintiffs as in the US Proceedings.

### The Defendants (Dubai Action and US Proceedings)

8. RJO Mena is also a DIFC licensed and DFSA regulated entity and is part of the RJO group of companies.

9. JVMC Holding Corp ("**JVMC**") is a Delaware company that acts as the holding company for the RJO group – it is not a trading company.

10. Mr Ghallami is company secretary and office/operations manager of RJO Mena. Although he is a US citizen, he is a resident of the UAE and holds a UAE residency visa and work permit and is a full-time employee of RJO Mena.

11. Mr Jamal Oulhadj is Senior Executive Officer of RJO Mena. He is a US citizen but he is a resident of the UAE and holds a UAE residency visa and work permit and is a full-time employee of RJO.

12. The First Defendant in the Dubai Action (who is not named as a Defendant in the US Proceedings) Mr Sayyed Hussain, is a former ED&F Mena employee who is now employed by RJO Mena.

*The Claim and Alleged-wrongdoing*

13. On 21 March 2018, the Claimants filed a claim against Mr Hussain, RJO Mena and Mr Ghallami. At a hearing on 28 March 2018, the Defendants volunteered to give undertakings and the parties agreed directions for the trial on liability to take place on 16 to 20 December 2018 (the date of the trial is now 17 – 20 December 2018). The agreement between the parties was embodied in a Consent Order dated 4 April 2018 ("**Consent Order**"). Pursuant to the Consent Order, the Claimant's Particulars of Claim ("**Dubai Particulars of Claim**") were served on 17 April 2018.

14. The Dubai Particulars of Claim include the following factual allegations of wrongdoing:-

    (i) Mr Hussain provided RJO Mena and / or Mr Ghallami confidential and business sensitive information belonging to the Claimants.

    (ii) Mr Hussain, RJO Mena and Mr Ghallami had conspired to divert business away from the Claimants to RJO Mena. This allegation was stated to be based on the assertion that two ED&F Man Mena clients (Cockett Marine Oil DMCC and Horizon International Trading AG) had allegedly completed trades with RJO Mena on 23 February 2018 and 1 March 2018 and two other ED&F Mena clients (Gulf Petroleum FZC and Hazel Middle East FZE) had added RJO Mena as a broker on the ICE electronic platform on 7 February 2018 and 2 March 2018 respectively.

    (iii) On 7 March 2018, Mr Hussain had allegedly diverted a trade from National Bank of Fujairah ("**NBF**") to Mr Ghallami to execute with the effect that NBF allegedly "unwittingly" conducted a trade with RJO Mena. This trade is referred to as the "**Diverted Trade**" and "**Unauthorised Trade**" and both the Dubai Action and US Proceedings centre around this trade.

15. On the basis of those allegations of wrongdoing, the Claimants in the Dubai Action have alleged that:

    (i) Mr Hussain breached his contractual obligations. Mr Hussain employment is subject to DIFC law and is subject to the exclusive jurisdiction of the DIFC Courts.

    (ii) RJO Mena and Mr Ghallami have assisted or procured Mr Hussain's breaches of his contract of employment and other duties (including his fiduciary duties) owed to the Claimants.

    (iii) RJO Mena have received and used the Claimant's confidential information.

    (iv) RJO Mena and Mr Ghallami have conspired with Mr Hussein to provide ED&F Mena's business sensitive and confidential information to RJO Mena and solicit clients to divert their business to RJO Mena.

16. The factual allegations in the US Proceedings mirror those in the Dubai Action. The similarity is highlighted in the table below:-

| DIFC Claim | US Proceedings |
|---|---|
| Receipt and use of confidential information. | Misappropriation of confidential proprietary & trade secret information. |
| As evidence by Unauthorised Trade RJO Mena and Mr Ghallami assisted Mr Hussain's breaches; conspiracy to induce clients to divert business RJO Mena. | Defendants with Mr Hussain misled customer by creating impression Diverted Trade was with ED&F |
| RJO Mena and Mr Ghallami procured Mr Hussain's breaches of Contract of Employment | Defendants induced Mr Hussain to breach Employment Agreement |
| The Defendant conspired to use [confidential] information for the purpose of:- <br> 1. diverting ED&F's business, | Defendants were aware that Plaintiffs had an ongoing business relationship with those clients and intentionally and unjustifiably |

5

| DIFC Claim | US Proceedings |
|---|---|
| clients to RJO;<br>2. soliciting, encouraging and/or inducing ED&F's clients to divert their business to RJO;<br>3. securing for RJO, ED&F's client and supplier relationships and business | interfered with those relationships. For example, Defendants intentionally and unjustifiably interfered with the relationship between Plaintiffs and NBF by conducting and executing the Diverted Trade |
| RJO Mena and Mr Ghallami assisted or procured Mr Hussain to breach fiduciary duties | Defendants knew of Mr Hussain's fiduciary duties to Plaintiffs and colluded with and/or induced Hussain to breach one or more of those duties |
| Further or alternatively, ED&F claims:<br>1. Equitable compensation to compensate for the loss and damage particularised above;<br>2. (At its election) an account of profits;<br>3. Declarations that the profits made by the Defendants accordingly are held on constructive trust for ED&F. | Defendants' conduct has resulted in Defendants obtaining money, which in good equity and conscious [sic], belongs to Plaintiffs. Specifically, the monetary amounts received by Defendants for the Diverted Trade and unlawfully diverted business |

**RELIEF SOUGHT**

17. In the Dubai Action the Claimants are seeking (i) unparticularised damages for alleged loss of commission and loss of clients and business opportunities as a consequence of the alleged wrongdoing; (ii) aggravated, punitive and / or exemplary damages; (iii) equitable compensation; (iv) an account of profits; (v) declarations that the profits made by the RJO Mena are held on constructive trust; and (vi) injunctive relief against RJO Mena and Mr Ghallami.

18. The Relief sought in the US Complaint also mirrors the relief sought in the Dubai Action including damages and a permanent injunction.

6

**PROCEDURAL HISTORY**

19. The Dubai Action was filed on 21 March 2018. Pursuant to the Consent Order (agreed between the parties on 28 March 2018) the following actions have taken place:-

    (i) On 12 April 2018, the Defendants delivered up to the Claimants any Confidential Information (as defined in the Consent Order).

    (ii) On 17 April 2018 the Claimants served their Particulars of Claim.

    (iii) On 23 May 2018 the Defendants served their Defences.

    (iv) On 27 June 2018 the parties exchanged disclosure lists.

    (v) On 22 August 2018 the Claimant filed a claim in the United States against JVMC, Mr Oulhadj and Mr Ghallami.

    (vi) On 9 October 2018, a Case Management Conference took place to consider applications made by the parties including:-

        i. the Claimants application seeking Document Production Orders;

        ii. The First Defendant's application to exclude the recordings and transcripts of telephone calls from evidence where it is the First Defendant's position that these recordings were taken without the consent of the parties and in breach of UAE Penal Code. It is a crime in the UAE to record a telephone conversation without a person's consent under Article 378 of the Penal Code; and

    iii. the Second and Third Defendants' application for an order that the Claimants stay the US Proceedings pending the trial in December ("**Anti-Suit Application**").

20. At the time of writing this statement, the DIFC Courts had not handed down its judgment in respect of the three applications.

21. Bundles were due to be agreed by 12 September 2018 with witness statements due to be exchanged on 10 October 2018. Neither of these directions have been complied with.

22. I do not propose to repeat in detail the basis of the Anti-Suit Application but refer to the application and the Witness Statement of Huong Hauduc submitted in support of that application. [**SA/1-99**]

## CONCLUSION

23. For the reasons set out above, we invite the US Court to find in favour of the Defendants motion to dismiss.

24. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 29, 2018.

_____

**SARAH ANDERSON**